UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MCI WORLDCOM COMMUNICATIONS, INC., et al.,<br><br>　　　　　Defendants. | Civil Action No. 3:02CV0274 (SRU) |

**JOINT MOTION TO VACATE JUDGMENT AND TO DISMISS CLAIM IN PART**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the parties respectfully move for an order vacating a narrow portion of the Judgment entered on March 16, 2005. All of the parties agree that the Second Circuit's recent decision in *Global NAPs, Inc. v. Verizon New England, Inc.*, 454 F.3d 91 (2d Cir. 2006) ("*Global NAPs*") (attached hereto as Exh. A), is inconsistent with and effectively overrules a part of this Court's prior decisions. The *Global NAPs* decision was issued during the pendency of an appeal by The Southern New England Telephone Company, d/b/a AT&T Connecticut ("AT&T Connecticut")[1] from those decisions. In order to permit this Court to consider the impact of the *Global NAPs* decision in the first instance, and pursuant to the advice of the Second Circuit, the parties jointly withdrew the appeal without prejudice so that the matter could be returned to this Court. The parties now respectfully

---

[1] On November 18, 2005, SBC Communications Inc. ("SBC") merged with AT&T Corp. That same day, SBC changed its name to AT&T Inc.

request that the Court vacate the challenged portion of the judgment and dismiss the underlying claim. In support of this Motion, the parties state as follows:

1.  In the initial proceedings before this Court, AT&T Connecticut filed a Complaint challenging four aspects of a Final Decision by the Connecticut Department of Public Utility Control ("DPUC"). Thereafter, MCI WorldCom Communications, Inc., MCI Metro Access Transmissions Services, Inc., and Brooks Fiber Communications of Connecticut[2] filed a Counterclaim and Cross Claim challenging two additional holdings by the DPUC.[3]

2.  On January 28, 2005, this Court issued a decision that addressed all six of these issues. *See Southern New England Tel. Co. v. MCI WorldCom Communications, Inc.*, 353 F. Supp. 2d 287 (D. Conn. 2005) ("*SNET I*"). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, AT&T Connecticut filed a Motion to Alter or Amend the Judgment in *SNET I*. In its Rule 59(e) Motion, AT&T Connecticut asked the Court to modify that portion of its decision in which the Court had held that "[t]he *ISP Remand Order*[4] covers *all* ISP-bound traffic, without

---

[2] MCI Communications Services, Inc. d/b/a Verizon Business Services and MCImetro Access Transmission Services LLC d/b/a Verizon Access Transmission Services are the successors in interest to MCI WORLDCOM Communications, Inc., MCImetro Access Transmission Services, Inc., and Brooks Fiber Communications of Connecticut, Inc. (collectively referred to herein as "MCI"). MCI Communications Services, Inc. d/b/a Verizon Business Services and MCImetro Access Transmission Services LLC d/b/a Verizon Access Transmission Services are now subsidiaries of Verizon Communications Inc.

[3] *See* Second Amended Answer and First Amended Counterclaim and Cross-Claim for Declaratory and Injunctive Relief of MCI WorldCom Communications, Inc., MCImetro Access Transmission Services LLC, and Brooks Fiber Communications of Connecticut, Inc., *Southern New England Tel. Co. v. MCI WorldCom Communications, Inc.*, Civ. A. 3:02cv274 (SRU) (D. Conn. filed Jan. 13, 2003).

[4] Order on Remand and Report and Order, *Implementation of the Local Competition Provisions in the Telecommunications Act of 1996; Intercarrier Compensation for ISP-Bound Traffic*, 16 FCC Rcd 9151 (2001) ("*ISP Remand Order*") (subsequent history omitted).

2

exception." *SNET I*, 353 F. Supp. 2d at 299.[5] AT&T Connecticut argued that the FCC only intended the *ISP Remand Order* to govern "'the delivery of calls from one LEC's end-user customer to an ISP in the *same local calling area* that is served by a competing LEC.'" SBC Connecticut's Motion To Alter Or Amend The Judgment at 4 (quoting *ISP Remand Order* ¶ 13 (emphasis added)) (D. Conn. filed Feb. 14, 2005).

  3. On March 16, 2005, this Court denied AT&T Connecticut's Rule 59(e) Motion. *Southern New England Tel. Co. v. MCI WorldCom Communications, Inc.*, 359 F. Supp. 2d 229 (D. Conn. 2005) ("*SNET II*"). In its decision, the Court held that the compensation regime established in the *ISP Remand Order* governed the treatment of all ISP-bound traffic, without regard to whether such calls were delivered to Internet service providers located inside or outside of the local calling area of the dialing party. *See SNET II*, 359 F. Supp. 2d at 230-33. Under the *ISP Remand Order*, the Court concluded, "all ISP-bound traffic was in a class by itself." *Id.* at 232.

  4. On April 14, 2005, AT&T Connecticut filed a notice of appeal from this Court's *SNET I* and *SNET II* decisions.

  5. At the time AT&T Connecticut filed its notice of appeal, a case already pending before the Second Circuit – *Global NAPs* – raised a similar question as one of the parties had argued that the *ISP Remand Order* governed all ISP-bound traffic without regard to the physical location of the calling party and the ISP. Because a decision by the panel in the *Global NAPs* case had the potential to impact the issue raised in AT&T Connecticut's appeal, the parties filed a joint stipulation on June 29, 2005, to withdraw AT&T Connecticut's appeal from active

---

[5] AT&T Connecticut additionally asked the Court to permit the DPUC to determine, on remand, whether Virtual Foreign Exchange calls qualify as exchange access under 47 U.S.C. §§ 153(16), (48) of the Communications Act. That portion of the Court's *SNET II* decision is not the subject of this Motion.

consideration pending a decision in *Global NAPs*. That Joint Stipulation is attached hereto as Exhibit B. That same day, the Second Circuit entered an order granting the agreed motion to withdraw the appeal from active consideration until the earlier of 30 days after a decision in *Global NAPs* or November 28, 2005 (attached hereto as Exh. C). Because the Second Circuit had not yet issued a decision in *Global NAPs*, the parties filed a stipulation extending the withdrawal of the appeal from active consideration on February 3, 2006, and again on June 22, 2006. On each occasion, the Second Circuit entered an order granting the extension.

6.   On July 5, 2006, the Second Circuit issued its opinion in *Global NAPs*, thereby triggering the terms of the stipulation and requiring the parties to "reactivate" the appeal. In *Global NAPs*, the Second Circuit rejected the argument, advanced by Global NAPs, Inc., that the *ISP Remand Order* covers all ISP-bound traffic, without regard to whether the dialing party and the Internet service provider are physically located within the same local calling area. Instead, the Second Circuit held that "[t]he ultimate conclusion of the *[ISP] Remand Order* was that ISP-bound traffic *within a single calling area* is not subject to reciprocal compensation." *Global NAPs*, 454 F.3d at 99 (emphasis in original). In support of that conclusion, the Second Circuit cited approvingly to a brief that the FCC had filed as amicus curiae in a separate case between Global NAPs, Inc. and Verizon New England pending in the First Circuit. In its amicus brief, the FCC made clear that it had not intended for the *ISP Remand Order* to apply to all ISP-bound calls, and that in issuing that order, it was "considering only calls placed to ISPs in the same local calling area as the caller." Brief for FCC as Amicus Curiae at 10, *Global NAPs, Inc. v. Verizon New England, Inc.*, No. 05-2657 (1st Cir. filed Mar. 14, 2006) (attached hereto as Exh. D) (cited in *Global NAPs*, 454 F.3d at 99). As the FCC explained, the Commission itself "has

not addressed the application of the *ISP Remand Order* to ISP-bound calls outside a local calling area." *Id.* at 10-11.

7.  After the Second Circuit issued its decision in *Global NAPs*, counsel for AT&T Connecticut conferred with counsel for MCI and counsel for the DPUC and the individual commissioners of the DPUC (collectively "the State") about reactivating the appeal. During these discussions, all of the parties agreed that this Court's holding that "[t]he *ISP Remand Order* covers *all* ISP-bound traffic, without exception," *SNET I*, 353 F. Supp. 2d at 299, is inconsistent with the Second Circuit's opinion in *Global NAPs*.

8.  The parties thereafter consulted with the Second Circuit's Staff Counsel to determine how best to proceed. The Staff Counsel advised the parties that they should allow the District Court the opportunity to determine in the first instance the impact of the Second Circuit's *Global NAPs* decision. At the suggestion of the Staff Counsel, the parties filed a joint stipulation on August 14, 2006 withdrawing the appeal without prejudice (attached hereto as Exh. E), which the Second Circuit granted that same day (attached hereto as Exh. F), and now file this Motion to Amend the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In light of the intervening *Global NAPs* decision, relief is appropriate under Rule 60(b)(5) or Rule 60(b)(6). *See Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 n.6 (5th Cir. 1995) (relief appropriate under Rule 60(b)(6) "where an appeal or remand of the case is still pending"); *Thompson v. County of Franklin*, 127 F. Supp. 2d 145, 160-61, 163 (N.D.N.Y. 2000) (relief appropriate under Rule 60(b)(5) in light of intervening change in decisional law), *aff'd*, 314 F.3d 79 (2d Cir. 2002).

WHEREFORE, AT&T Connecticut, the State, and MCI respectfully request that the Court grant this motion, vacate the last paragraph of Part I.C of *SNET I* and all of Part I of *SNET*

*II*, and dismiss Count II of MCI's First Amended Counterclaim and Cross-Claim insofar as it seeks an order declaring non-local ISP-bound traffic subject to the *ISP Remand Order*. Because this case was on direct review at the time that the Second Circuit issued its *Global NAPs* decision, relief is appropriate under Rule 60(b).

Dated: September 25, 2006

Respectfully submitted,

*/s/ David Schwarz*
Geoffrey M. Klineberg (ct 22893)
David L. Schwarz (ct 23224)
Kellogg, Huber, Hansen,
   Todd, Evans & Figel PLLC
1615 M St. N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900 (telephone)
(202) 326-7999 (fax)
gklineberg@khhte.com
dschwarz@khhte.com

Timothy Jensen (ct 18888)
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
(203) 784-8200 (telephone)
(203) 789-2133 (fax)
Jensen@tylercooper.com

*Attorneys for The Southern New England Telephone Company d/b/a AT&T Connecticut*

*/s/ Tatiana Eirmann*
Tatiana D. Eirmann (ct 03398)
Assistant Attorney General
10 Franklin Square
New Britain, CT 06051
(860) 827-2620 (telephone)
(860) 827-2893 (fax)
tatiana.eirmann@po.state.ct.us

*Attorney for Connecticut Department of Public Utility Control, Donald W. Downes, Linda Kelly, Glenn Arthur, John W. Betkoski, and Jack Goldberg*

*/s/ Robert Dolian*
Robert P. Dolian (ct 4278)
Cummings & Lockwood LLC
Six Landmark Square
Stanford, CT 06901
(203) 351-4307 (telephone)
(203) 708-3948 (fax)
rdolian@cl-law.com

*Attorney for MCI Communications Services, Inc. d/b/a Verizon Business Services and MCImetro Access Transmission Services LLC d/b/a Verizon Access Transmission Services, successors in interest to MCI WORLDCOM Communications Inc., MCImetro Access Transmission Services, Inc., and Brooks Fiber Communications of Connecticut, Inc.*