UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) MCI WORLDCOM COMMUNICATIONS, ) INC., et al., ) ) Defendants. ) ) | Civil Action No. 3:02CV0274 (SRU)  NOVEMBER 1, 2006 |

**STIPULATION OF VOLUNTARY DISMISSAL AND WITHDRAWAL OF JOINT MOTION TO VACATE**

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, counterclaim plaintiffs MCI Communications Services, Inc. d/b/a Verizon Business Services and MCImetro Access Transmission Services LLC d/b/a Verizon Access Transmission Services, successors in interest to MCI WORLDCOM Communications, Inc., MCImetro Access Transmission Services, Inc., and Brooks Fiber Communications of Connecticut, Inc. (collectively referred to herein as "MCI"), hereby voluntarily dismiss, with prejudice, Count II of MCI's First Amended Counterclaim and Cross-Claim insofar as it seeks an order declaring non-local ISP-bound traffic subject to the *ISP Remand Order*.[1] In accordance with Rule 41(a)(1)(ii), which permits a plaintiff (including a counterclaim plaintiff, pursuant to Rule 41(c)) to dismiss an action "by

---

[1] Order on Remand and Report and Order, *Implementation of the Local Competition Provisions in the Telecommunications Act of 1996; Intercarrier Compensation for ISP-Bound Traffic*, 16 FCC Rcd 9151 (2001) ("*ISP Remand Order*") (subsequent history omitted).

filing a stipulation of dismissal signed by all of the parties who have appeared in the action," all parties stipulate as follows:

WHEREAS The Southern New England Telephone Company, d/b/a AT&T Connecticut ("AT&T Connecticut"), appealed from this Court's decisions in *Southern New England Tel. Co. v. MCI WorldCom Communications, Inc.*, 353 F. Supp. 2d 287 (D. Conn. 2005) ("*SNET I*") and *Southern New England Tel. Co. v. MCI WorldCom Communications, Inc.*, 359 F. Supp. 2d 229 (D. Conn. 2005) ("*SNET II*");

WHEREAS AT&T Connecticut's appeal was held in abeyance pending the Second Circuit's resolution of a case raising a related issue, *Global NAPs, Inc. v. Verizon New England, Inc.*, No. 04-4685-cv (2d Cir.) ("*Global NAPs*");

WHEREAS the Second Circuit issued an opinion in *Global NAPs* on July 5, 2006, reported at 454 F.3d 91 (2d Cir. 2006), in which the Second Circuit held that "[t]he ultimate conclusion of the *[ISP] Remand Order* was that ISP-bound traffic *within a single calling area* is not subject to reciprocal compensation." *Id.* at 99 (emphasis in original);

WHEREAS all of the parties agreed that the Second Circuit's holding was inconsistent with this Court's determination that "[t]he *ISP Remand Order* covers *all* ISP-bound traffic, without exception," *SNET I*, 353 F. Supp. 2d at 299;

WHEREAS this matter returned to the district court after the parties, acting on the suggestion of the Second Circuit's Staff Counsel, filed a joint stipulation withdrawing the appeal without prejudice and with leave to reinstate it, which was so ordered by the Second Circuit;

WHEREAS MCI has agreed voluntarily to dismiss, with prejudice, that portion of Count II of its First Amended Counterclaim and Cross-Claim that sought an order declaring non-local ISP-bound traffic to be subject to the *ISP Remand Order*;

WHEREAS AT&T Connecticut has agreed, in light of MCI's voluntary dismissal, that it will not reinstate its appeal before the Second Circuit; and

WHEREAS the parties to this proceeding have all agreed to withdraw their Joint Motion to Vacate Judgment; NOW THEREFORE,

1.  MCI, AT&T Connecticut, the Connecticut Department of Public Utility Control ("DPUC"), and the individual Commissioners of the DPUC (collectively with the DPUC, the "State") hereby withdraw their Joint Motion to Vacate Judgment filed on September 25, 2006 under Federal Rule of Civil Procedure 60(b);

2.  Pursuant to Fed. R. Civ. P. 41(a)(1)(ii) and (c), MCI, AT&T Connecticut, and the State hereby stipulate that Count II of MCI's First Amended Counterclaim and Cross-Claim is

2

voluntarily dismissed, with prejudice, insofar as Count II sought an order declaring non-local ISP-bound traffic to be subject to the *ISP Remand Order*; and

    3.    Each party shall bear its own costs.

Dated: November 1, 2006                                    Respectfully submitted,

_/s/ Tatiana D. Eirmann (TDS)_
Tatiana D. Eirmann (ct 03398)
Assistant Attorney General
10 Franklin Square
New Britain, CT 06051
(860) 827-2620 (telephone)
(860) 827-2893 (fax)
tatiana.eirmann@po.state.ct.us

*Attorney for Connecticut Department of Public Utility Control, Donald W. Downes, Linda Kelly, Glenn Arthur, John W. Betkoski, and Jack Goldberg*

_/s/ Jeffrey A. Rackow (TPJ)_
Jeffrey A. Rackow (phv01395)
Verizon
1515 North Courthouse Road
Suite 500
Arlington, VA 22201-2909
(703) 351-3064 (telephone)
(703) 351-3655 (fax)
jeffrey.rackow@verizon.com

*Attorney for MCI Communications Services, Inc. d/b/a Verizon Business Services and MCImetro Access Transmission Services LLC d/b/a Verizon Access Transmission Services, successors in interest to MCI WORLDCOM Communications Inc., MCImetro Access Transmission Services, Inc., and Brooks Fiber Communications of Connecticut, Inc.*

_/s/_
Timothy P. Jensen (ct18888)
TYLER COOPER & ALCORN, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509-1910
(203) 784-8200 (Telephone)
(203) 777-1181 (Facsimile)
jensen@tylercooper.com

*Attorney for The Southern New England Telephone Company d/b/a AT&T Connecticut*

Geoffrey M. Klineberg (ct 22893)
David L. Schwarz (ct 23224)
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M St. N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900 (telephone)
(202) 326-7999 (fax)
gklinberg@khhte.com
dschwarz@khhte.com

*Attorneys for The Southern New England Telephone Company d/b/a AT&T Connecticut*

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid to Tatiana D. Eirmann, Assistant Attorney General, 10 Franklin Square, New Britain, Connecticut 06051 and Jeffrey A. Rackow, Verizon, 1515 North Courthouse Road, Suite 500, Arlington, VA 22201-2909 on this 1st day of November, 2006.

_____
Timothy P. Jensen